IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ANTHONY B. WINGFIELD, <br> (TDCJ No. 1896078) <br><br> Plaintiff, <br><br> VS. <br><br> DIRECTOR, Texas Department <br> of Criminal Justice, Correctional <br> Institutions Division, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 1:14-CV-182-C |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on November 13, 2015. No objections have been filed. The Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

It is, therefore, **ORDERED**:

(1)  Plaintiff's claims against Defendant Officer Carlisle are **DISMISSED** with prejudice.

(2)  Plaintiff is entitled to the issuance of process as to his claims in this case against the other defendants, the TDCJ Director and a female TDCJ Middleton Unit Count Room employee working December 23, 2013 (as identified in complaint).

(3)  Within thirty (30) days from the date the Law Enforcement Defense Division of the Texas Attorney General's Office receives this Order, Defendants the TDCJ Director and the Count Room employee shall file a written answer or response to Plaintiff's claims that they were deliberately indifferent to his serious medical needs.

(4) The Clerk shall mail a copy of Plaintiff's Civil Rights Complaint filed November 17, 2014, and the Report and Recommendation of the United States Magistrate Judge entered November 13, 2015, along with a copy of this Order, to Docketing, Law Enforcement Defense Division, Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711 by certified mail, return receipt requested.

(5) In the event that TDCJ Officials are unable to ascertain the identity of the Defendant described as a female Count Room employee working in the Middleton Unit on December 23, 2013, the Attorney General shall provide additional information, including but not limited to, the roster of employees who may meet that description in order that Plaintiff may attempt to ascertain the Defendant's actual identity.

(6) In the event that any Defendant is no longer employed by the TDCJ-CID and the Office of the Attorney General is unable to obtain authority to represent such Defendant, the Office of the Attorney General shall provide the Defendant's last-known address to the Court, **UNDER SEAL,** for the Court's in-camera examination only, subject to further orders of this Court. Furthermore, such address shall not be disclosed in any manner to Plaintiff, and if any documents containing the address, including returns of service of summons, are sent to Plaintiff, such information shall be redacted.

(7) Any pending motions are denied, including Plaintiff's February 23, 2016 motion for specific performance (doc. 11), as the issues raised therein are resolved by this Order.

SO ORDERED this 31st day of March, 2016.

SAM R. CUMMINGS
Senior United States District Judge

2